# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENE ANTHONY ALLEN,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | 3:11-cv-00389-ECR-VPC<br><br>**ORDER** |

This is a closed habeas corpus action. By order filed June 23, 2011, this Court dismissed the petition as successive. (ECF No. 6). Judgment was entered on June 24, 2011. (ECF No. 7).

On July 11, 2011, petitioner filed a motion for reconsideration. (ECF No. 9). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

> reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court properly entered judgment dismissing this action as successive in the order filed June 23, 2011. (ECF No. 6). In his motion for reconsideration, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of the action. Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration. The motion for reconsideration is denied.

1   On August 8, 2011, petitioner filed a motion for a certificate of appealability.  (ECF No. 11).
2 This Court previously denied petitioner a certificate of appealability in the order of June 23, 2011.
3 (ECF No. 6, at p. 2).  As such, the instant motion for a certificate of appealability is denied.
4   On August 10, 2011, petitioner filed a document entitled "motion for index and docket
5 sheet."  (ECF No. 12).  Petitioner claims: "I have yet to receive notice of proceedings, 60B, COA,
6 document transcripts, exhibits."  (ECF No. 12, at p. 1).  Petitioner is informed that is this Court is not
7 in possession of the items which he seeks, and therefore, cannot provide petitioner with these items.
8 As such, the motion is denied.  The Court will, however, direct the Clerk of Court to send petitioner
9 a copy of the docket sheet in this case.
10   **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 9)
11 is **DENIED.**
12   **IT IS FURTHER ORDERED** that petitioner's motion for a certificate of appealability (ECF
13 No. 11) is **DENIED.**
14   **IT IS FURTHER ORDERED** that petitioner's "motion for index and docket sheet" (ECF
15 No. 12) is **DENIED.**
16   **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** petitioner a copy of
17 the current docket sheet in this action.
18   **IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed
19 action.  Any further documents submitted by petitioner shall be returned, unfiled, to petitioner by the
20 Clerk of Court.
21   Dated this 11th day of August, 2011.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE